(68 App. Div. 119.)

### In re CULLINAN, State Excise Com'r.

(Supreme Court, Appellate Division, First Department. January 24, 1902.)

1. INTOXICATING LIQUORS—LICENSE—RESTAURANT—REVOCATION.

Where, in a proceeding to revoke a liquor license for violation of Liquor Tax Law (Laws 1896, c. 112) § 31, clause "g," which forbids the keeping open or unlocked a door leading into the room where liquors are sold, on Sunday, when not necessary for the family or servants of the licensee, evidence that the door was unlocked is not disputed, but defendant testified that he left the door open at all times so that persons could come into his restaurant, which was in the same room in which liquors were sold, the license should be revoked.

2. SAME—SERVICE OF ORDER—JURISDICTION—PARTIES.

Where, on filing a petition to revoke a liquor license issued to partners, an order to show cause why the license should not be canceled, directed to be served personally or by leaving the same at the place of business designated in the license, with the person in charge, is issued, and served by leaving with the person in charge, the court thereby acquires jurisdiction to revoke the license as to all such partners.

Appeal from special term, New York county.

Proceeding on the petition of Patrick W. Cullinan, as state commissioner of excise, for an order revoking a liquor license certificate issued to Solomon Schepper and another. From an order refusing to revoke the license, the petitioner appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

D. B. Mead, for appellant.

J. G. Guggenheimer, for respondent Dick.

McLAUGHLIN, J. On the 30th of April, 1900, a liquor tax certificate was issued to Bertha Dick, which she on the 29th of August, 1900, with the consent of the commissioner of excise, transferred to Solomon Schepper and Jacob Dick, composing the firm of Schepper & Co. Some time thereafter application was made for the cancellation of this certificate upon the grounds (1st) that Schepper & Co. had violated clause "h" of section 31 of the liquor tax law (Laws 1896, c. 112), in that they had kept, and maintained during the hours when the sale of liquors was forbidden, screens, blinds, curtains, etc., over or in front of the windows in the saloon, which prevented any one outside from obtaining a full view thereof; (2) that they had violated clause "g" of the same section, in that they had, on Sunday the 7th day of October, 1900, opened and unlocked a door and entrance from the street, alley, yard, hallway, room, and adjoining premises to the room on said premises where liquors were sold and kept for sale, "when it was not necessary for the egress or ingress of the holder of the liquor tax certificate or members of his family or servants for purposes not forbidden by this

act, and that said holder of said liquor tax certificate at said time did admit to said room where liquors were sold and kept for sale persons other than himself, his family and servants"; and (3) that they had violated clause "a" of the same section, in that they had on Sunday, the 7th day of October, 1900, sold intoxicating liquors to one Pierce and one Nahrwold, and to divers other persons whose names are unknown to the petitioner. Testimony of the respective parties was taken before a referee, who reported the same to the court, and the learned justice, sitting at special term, after a consideration of the same, reached the conclusion that such testimony did not establish the allegations of the petition, and thereupon an order was made denying the application, from which the petitioner has appealed.

We are of the opinion that the application should have been granted. It is true that as to the first and third grounds upon which a cancellation was asked the testimony was conflicting, and we are not prepared to say that the conclusion reached by the learned justice as to them is not correct, but as to the second ground there is substantially no dispute between any of the witnesses but what the respondent had the doors leading into the saloon open and unlocked, and admitted, at a time when the sale of liquors was prohibited, persons other than servants or members of his family. For instance, the petitioner's witness Nahrwold testified—and his testimony is not disputed—that, when he entered, the door leading from the street into the hallway and a second door leading from the hallway to the barroom were both standing open. This witness was corroborated by the witness Pierce. The respondent Dick testified that Nahrwold and Pierce entered the saloon, and tried to purchase some beer, which he refused to sell. He did not deny that the doors were open as testified to by them. On the contrary, he admitted that he did not lock the doors Sundays or any other time, and that any one came in there who wanted a meal, and that he left the doors unlocked so that they could come in if they wanted to; that he did not keep a hotel, but the barroom and restaurant were all one room; and all of the witnesses produced by him testified to substantially the same effect.

We have therefore the undisputed fact that on Sunday, the 7th day of October, 1900, at a time when the sale of liquors was in hibited by law, the respondent had opened and unlocked the door or entrance from the street and hallway to the room in which liquors were sold and kept for sale, and that he, at that time, admitted to such room persons not servants in, or members of, his family. A clear violation of subdivision "g" of section 31 of the liquor tax law was thereby established, which provides, among other things, that it shall not be lawful to have "open or unlocked any door or entrance from the street, alley, yard, hallway, room or adjoining room to the premises or rooms where any liquors are sold or kept for sale during the hours when the sale of liquors is forbidden, except when necessary for the egress or ingress of the persons holding liquor tax certificates and authorizing the traffic in liquors at such places, or members of his family or servants for purposes

not forbidden by this act, or to admit to such room or rooms any other person during the hours when the sale of liquors is forbidden"; and the petitioner, having established that fact, was entitled to an order canceling the tax certificates. Subdivision 2, § 28, c. 112, Laws 1896.

It is suggested by counsel for the respondent Dick that there could not be a cancellation of the certificate so far as the same related to Schepper, inasmuch as the court never obtained jurisdiction of him. There is no force in the suggestion. The order directing Schepper & Dick to show cause why the certificate should not be canceled directed that a copy of the order, and the petition and affidavit upon which the same were granted, be served personally upon Schepper & Dick, or "by leaving the same at the place of business designated in the said liquor tax certificate, with the person in charge of the same." Service was made in the manner directed, by leaving the papers with the person in charge of the saloon at the time the service was made. In response to this service, Dick appeared. Schepper did not appear, except for the purpose of objecting to the jurisdiction of the court. The certificate was held by the firm of Schepper & Co. It was their property, and service upon the person in charge of the saloon was sufficient to give the court jurisdiction to cancel against both members of the firm.

The order appealed from, therefore, must be reversed, with $10 costs and disbursements, and the motion to cancel granted, with $10 costs. All concur.